```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

CHRISTOPHER KENNEDY         :
                            :
       v.                   :
                            :         CIVIL NO. 3:07cv214(RNC)
JAMES CHAMBERLAND,          :
LEANNA PUTMAN, and          :
THOMAS FOURNIER             :
_____:
```

                    RULING ON MOTION FOR SANCTIONS

   The plaintiff brings this Section 1983 action alleging, inter alia, that defendant Leanna Putman "act[ed] jointly and in concert" with an Enfield police officer to file "a false and malicious complaint" accusing him of custodial interference. Doc. # 1, paras. 7-8.  As a result of the defendants' actions, the plaintiff was arrested, tried, but ultimately found not guilty, of the charge in Connecticut Superior Court.  See Doc. #1 at para. 12.  He seeks compensatory and punitive damages for his financial losses as well as the inconvenience, humiliation and emotional distress he suffered as a result of the defendants' actions.  See Doc. # 1 at para. 14.

   Defendant Putnam has filed a Motion for Sanctions (Doc. # 23) against plaintiff's attorney.  She maintains the complaint against her fails to comply with Fed. R. Civ. P. 11 and seeks its dismissal and an award of reasonable expenses and attorney's fees.  On June 19, 2007, Chief Judge Chatigny referred the motion to the undersigned.  See Doc. # 33.

                                   1

Rule 11 requires an attorney to make a reasonable inquiry to ensure that his or her complaint was not filed for an improper purpose and that it does not present either a frivolous legal position or one that completely lacks evidentiary support. A "coercive mechanism," Rule 11 sanctions should be imposed "with restraint and discretion." Pannonia Farms, Inc. v. U.S.A. Cable, 426 F.3d 650, 652 (2d Cir. 2005). "Even if the district court concludes that the assertion of a given claim violates Rule 11, . . . the decision whether or not to impose sanctions is a matter for the court's discretion." Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004).

Although the plaintiff's allegations are somewhat skeletal, the court cannot presently determine that they require the imposition of Rule 11 sanctions. The gravamen of plaintiff's complaint is that the defendants' deliberate, joint actions resulted in his malicious prosecution in violation of his civil rights. He further alleges that he was found not guilty of the charges filed against him. At this time, however, important issues must still be resolved, including whether Putman acted maliciously and whether the plaintiff's arrest and prosecution were supported by probable cause, notwithstanding his ultimate acquittal. See, e.g., Murphy v. Lynn, 118 F.3d 938 (2d Cir. 1997). Absent the completion of discovery and further development of the record, the court is unable to determine

2

whether the complaint's allegations are so devoid of legal or factual support that, as made against Defendant Putman, they constitute a violation of Rule 11 which requires the imposition of sanctions against plaintiff's attorney.

The Motion for Sanctions (Doc. # 23) is DENIED.

SO ORDERED.

Dated at Hartford, Connecticut, this 19th day of February, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge